# City of Kankakee v. John O. Sannes.

### Gen. No. 4,478.

1. VERDICT—*when not set aside.* A verdict will not be set aside on appeal as against the preponderance of the evidence where the court is unable to say that the jury were not warranted in rendering the verdict which they did.

Action on the case for personal injuries. Appeal from the Circuit Court of Kankakee County; the Hon. ROBERT W. HILSCHER, Judge, presiding. Heard in this court at the October term, 1904. Affirmed. Opinion filed March 8, 1905.

T: F. DONOVAN and T. W. SHIELDS, for appellant.

EBEN B. GOWER, for appellee; BERT L. COOPER, of counsel.

MR. JUSTICE DIBELL delivered the opinion of the court.

On June 16, 1903, at about nine o'clock in the evening, appellee fell upon a sidewalk in the city of Kankakee, and received injuries for which he brought this suit against appellant, and upon the trial he recovered a verdict and a judgment for $1,250, from which this appeal is prosecuted.

It is assigned for error that the court erred in its rulings upon the admission of testimony, and upon instructions, and in overruling the motion for a new trial, and also that the verdict is not supported by the evidence. After setting out this assignment of errors in its brief, appellant there says: "There is only one question in this case, and that is that the verdict returned by the jury is wholly unsupported by the evidence." The errors assigned upon the admission of testimony and upon the instructions were therefore waived, and the only question before us for deter-

mination is whether the verdict is supported by the testimony.

The evidence introduced by appellee tended to show that at the place where he fell, the walk was composed of three planks, laid lengthwise of the street; that these planks were warped, the ends being raised by the warping, and the centers being depressed; that the east end of these planks, being the end where appellee fell as he was going west on the walk, was raised from an inch and a half to three inches from the ground; that there was room for him to catch his toe underneath the plank and that he did catch the toe of his left foot underneath the plank, and was thereby thrown. Some of the witnesses who testified for appellant also testified that the planks were warped, and that the eastern end was above the sidewalk a distance of an inch or two, but those of appellant's witnesses who examined the place the next day after appellee was hurt, testified that there was no place where a man's toe could be inserted underneath the plank. Appellee also testified that the planks were to some extent rotten. Appellant's witnesses who testified on that subject said that while the planks were old and somewhat worn, yet they were sound. There being sufficient evidence in the record on behalf of appellee to support the verdict that his fall was caused by the imperfect condition of the sidewalk at that point, we are not able to say that the jury were not warranted in believing appellee's witnesses, or that they ought to have rendered a verdict the other way. It is not claimed the damages are excessive, and, as already stated, all errors assigned have been waived by the argument here, except those which question the sufficiency of the evidence to support the verdict.

The judgment is therefore affirmed.

*Affirmed.*